THEODORE ACHENBERG, PLAINTIFF-APPELLEE, v. PUB-
LIC SERVICE RAILWAY COMPANY, A CORPORATION,
DEFENDANT-APPELLANT.

Argued November 8, 1923—Decided February 19, 1924.

**Negligence—Trolley Collision With Motor Truck—Evidence Admitted of Amount of Damage to Truck Based on Price Lists of Four Years Previous Venire de Novo Awarded.**

On appeal from the District Court of Perth Amboy.

Before Justices KALISCH and KATZENBACH.

For the defendant-appellant, *Leonard J. Tynan.*

For the plaintiff-appelle, *Thomas L. Hanson.*

PER CURIAM.

This is an appeal from a judgment of the District Court of the city of Perth Amboy. The action was instituted by the plaintiff to recover from the defendant damages to the plaintiff's truck caused by a collision with the defendant's trolley car. The plaintiff claimed that the defendant's car was being operated in a negligent manner. A judgment was rendered by a jury for $325.

The single question presented and argued on this appeal is the propriety of a ruling made by the trial court in permitting, over objection, a witness to testify as to the cost of the repair of the plaintiff's truck. The truck was a three and one-half ton Selden truck. After the accident some slight repairs were made to it. It was used for three or four trips and then laid up and had not been repaired at the time of the trial. A witness, George Simon, testified that he was in the garage business and repaired automobiles; that he was familiar with the Selden truck; that he never had sold or bought any truck of this make and had not repaired one during the past year; that he thought he had repaired two

of them; that he gave the plaintiff an estimate of what it would cost to put the truck in condition again.   He then stated that the estimate which he had given included the cost of parts taken from a 1918 catalogue of the Selden truck; that these parts, together with the work necessary to be done to put the truck in serviceable condition, would cost $570.   It is a matter of common knowledge that the prices in catalogues are subject to various discounts and that the list prices, so called, are not the prices for which the listed articles can be obtained.   The catalogue was also five years old.   If the list prices were subject in 1918 to no discounts these prices would not be likely to be the prevailing prices in 1923.   It would not have been proper to offer the catalogue in evidence, and, therefore, in our opinion, the court erroneously allowed the estimate given by the witness to be admitted, since it in part contained elements obtained from sources of knowledge which were inadmissible.   A witness to be properly qualified to testify in such a matter must be familiar with the current market prices of the parts covering which he is testifying.

While the jury did not, as would appear by its verdict, accept the estimate of Mr. Simon, yet it may have been taken into account in reaching a verdict and so the defendant-appellant may have been harmed by its admission.   These views lead to a reversal of the judgment and the issue of a *venire de novo*.